NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, 1884.

LEDWITH v. UNION TRUST Co.

*In the matter of the guardianship of the property of*
JOSEPH M. LEDWITH, *an infant.*

An application for the appointment of a new guardian of *the property of* an infant must be denied where it is not shown that any of the grounds, specified in Code Civ. Pro., § 2832, exist for the revocation of the former guardian's letters, even though it appears that it would be for the infant's best interests that the person proposed should be invested with the office.

Under Code Civ. Pro., §§ 2686, 2687, § 2832, subd. 6, and § 2833, mere neglect, on the part of a general guardian of an infant's property, to

file the annual inventory and account required by id., § 2842, is not of itself good cause for removal; a special order should first be entered, directing the filing, and disobeyed.

PETITION by Joseph M. Ledwith, an infant, praying that the Union Trust Company of New York be removed from office as guardian of his estate, etc. The facts appear sufficiently in the opinion.

N. J. WATERBURY, JR., *for petitioner.*

MILLER, PECKHAM & DIXON, *for respondent.*

THE SURROGATE.—In January, 1883, the Union Trust Company of this city was appointed guardian of the estate of Joseph M. Ledwith, an infant above the age of fourteen years. The ward now asks for the removal of his guardian, and for the appointment in its place and stead of Mr. Henry V. Mead. It is not disputed that Mr. Mead is a man of character and responsibility, in all respects a proper person to act as guardian. If before the issuance of letters now held by the Trust Company, the petitioner had applied for the appointment of Mr. Mead, the Surrogate would unhesitatingly have granted the application. But as those letters must be revoked before others can be issued, the question at once presents itself whether the petitioner has established the existence of facts which justify such revocation. I adhere to the view which I have hitherto declared on several occasions, that the circumstances under which the Surrogate may lawfully revoke letters of guardianship of an infant's property are those and those only which are set forth in § 2832 of the Code of Civil Procedure. Unless it appears to my satisfaction, upon the papers before me, that this case is within

the provisions of one or more of the first five subdivisions of § 2832, I must deny the application of this petitioner, even though it might seem, all in all, to be for his best interests that Mr. Mead rather than the Union Trust Company should be his guardian. For, by reference to subd. 6 of § 2832, it will appear that the Surrogate's authority to displace a guardian against whom there is made no specific complaint such as is described in the five previous subdivisions does not extend to guardians of the property or estate, but is limited to guardians of the person. Upon careful examination of the papers submitted in behalf of the petitioner I feel compelled to deny his application.

I am very clearly of opinion, that none of the allegations in the original or supplementary petition warrant removal or revocation under the restrictive statutory provisions above referred to, except it may be those allegations in the latter petition which complain of the guardian's failure to file an account and inventory, as required by law. It is claimed that, because of that failure, revocation should be decreed under subd. 3 of § 2832, above cited. The language of that subdivision is as follows:

"Where he" (the guardian) "has, without good cause, neglected to obey . . . . any provision of law relating to the discharge of his duty." One of these provisions is as follows (§ 2842): "A general guardian of an infant's property must, in the month of January of each year, file an inventory of his ward's estate, and an account of his receipts and disbursements." In the present case, such inventory or account was not filed in January last, nor thereafter, until the 16th of April.

Mr. King, president of the Trust Company, makes affidavit that the neglect was not wilful but was due to inadvertence.

Petitioner's counsel calls attention to the fact that this omission to comply with the requirements of the statute was the subject of remark in the brief which was submitted by him, during the pendency of these proceedings and several weeks before the account and inventory were filed.   Now, does the guardian's remissness under those circumstances demand the revocation of his letters?   It is provided by § 2833 that, if the material allegations of a petition under § 2832 are established, the Surrogate "must make a decree revoking the guardian's letters, *except* that, where the case is within subdivision third or fourth, . . . . he must dismiss the proceedings under the like circumstances and upon the like terms as prescribed in §§ 2686 and 2687 of this act, where a similar complaint is made against an executor or administrator."   By reference to § 2687, it will appear that the Surrogate, in his discretion, may dismiss a proceeding which seeks the revocation of the letters of an executor or an administrator on account of his neglect to comply with a provision of law relating to the discharge of his duty, "*if such provision of law is obeyed and if suitable amends are made to each person injured by the neglect or refusal to obey it.*"

In view of these code provisions, the Surrogate would scarcely be justified, in the exercise of his discretionary authority, in revoking letters of guardianship for delay in filing an account and inventory, unless it appeared that such delay had injuriously affected the petitioner or some other person.

No such injury is shown to have been suffered in the present case. The conclusion that simple neglect of this character is not of itself ground for revocation of letters, is supported by other statutory provisions. Section 2845 declares that, if the guardian shall omit to file his annual inventory or account, the Surrogate shall make an order requiring him to do so, and *if within three months thereafter* the guardian fails to comply with such order, the Surrogate may appoint a special guardian for the purpose of filing a petition in behalf of the ward for his guardian's removal.

These provisions give very strong indications that *mere* neglect to file an inventory and account is not to be deemed of itself good cause for removal, unless a special order directing the same to be filed has first been entered and disobeyed.

Application denied.